Merrimack
No. 2012-145

THE STATE OF NEW HAMPSHIRE

v.

GUILBERT P. GERMAIN

Argued: April 17, 2013
Opinion Issued: November 5, 2013

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Thomas Barnard*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

CONBOY, J. The defendant, Guilbert P. Germain, appeals his conviction for criminal threatening with a deadly weapon, *see* RSA 631:4 (Supp. 2012), following a jury trial in the Superior Court (*McNamara*, J.). We affirm.

The jury could have found the following facts. In 2011, the defendant was an acquaintance of Todd Calley (Todd). Todd's brother, Josh Calley (Josh), and Josh's then-girlfriend, D.S., were acquainted with the defendant because all three had attended Concord High School, although they were not in the same class.

On the afternoon of February 22, 2011, Todd was visiting the apartment in Concord where his mother lived with Josh, their sister, and their twelve-year-old brother T.C. D.S. was also present. While D.S. was in the living room with Josh and T.C., the defendant entered through the front door and asked where Todd was, and also asked, "Where's my money?" Although Todd was in the kitchen, Josh told the defendant Todd was not there, as Todd had asked him to do if the defendant were to come to the apartment. Todd's cellular telephone then rang in the kitchen, and Josh thought that the defendant must have known that Josh had lied, because "everyone knows Todd's ringtone."

After repeating his question about Todd, the defendant grew angry and pulled a silver and black gun from the back of his waistband. He pointed it at Josh's head and then struck Josh in the face with either the gun or his hand holding the gun. Josh briefly "blacked out," and a small mark was subsequently visible near his left eye. D.S. grabbed Josh and yelled for Todd, who eventually came out of the kitchen with his hands up, telling the defendant, "Let's get out of the house. You need to leave." At the same time, T.C. ran upstairs to where his mother was located, and she called 9-1-1. Police obtained written statements from T.C., Josh, and D.S. Based upon their investigation, a warrant was issued for the defendant's arrest.

The following day, the defendant was apprehended in Concord. He told the arresting officers that he had a gun, and they found a silver and black .40 caliber Ruger SR40 semiautomatic pistol (the Ruger) in his waistband.

The defendant was charged with assault and criminal threatening with a deadly weapon. At trial, T.C. testified that the gun he saw the defendant holding during the incident in the apartment had a silver top and black grip, and looked like the gun in evidence, the Ruger. D.S. described the gun she had seen the defendant hold as "silver," more of a handgun than a long gun, and not a revolver. Both said that the defendant took the gun from his waistband, cocked it, and put it to Josh's head.

Josh testified that the gun was "black on the handle and silver on the top," not a revolver, and that it resembled a pellet gun he had once owned. He stated repeatedly that he did not know whether the gun was real or fake. Because he did not "feel it" when he was struck, Josh hypothesized that the gun might have been a pellet gun, or that the defendant might have used his hand, rather than the gun, when he struck him. He also testified, however, that he "blacked out" and did not remember anything after the defendant cocked the gun and struck him, until he awoke with D.S. holding him.

On cross-examination, Josh observed that the defendant's gun cocked in the same manner as did the pellet gun that he had owned and he agreed that it "looked fake." He also testified that he was farsighted and not wearing his glasses at the time, so he saw the gun only for "like a blurry two seconds." On redirect examination, he agreed that the gun he saw the defendant holding "look[ed] just like" the gun in evidence, the Ruger. He added on redirect that he had initially told the police it was a pellet gun because he did not want T.C., who was present at the time, to be afraid, but that he revised his statement when Todd — who did not testify — told him that the gun was real.

After the State rested, the defendant moved to dismiss the criminal threatening charge, arguing that the evidence was insufficient to prove that he had used a firearm rather than a pellet gun. The court denied the motion. The defendant was convicted of criminal threatening and acquitted of assault. This appeal followed.

On appeal, the defendant argues that the evidence was insufficient to prove that the gun he displayed in the apartment was a firearm, rather than a pellet gun. He contends that there was no direct evidence that the gun was a firearm, and that to be sufficient, circumstantial evidence must foreclose all other rational conclusions. He asserts that the circumstantial evidence was insufficient to exclude the rational conclusion that he brandished a pellet gun rather than a firearm.

When considering a challenge to the sufficiency of the evidence, "we objectively review the record to determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences

therefrom in the light most favorable to the State." *State v. Saunders*, 164 N.H. 342, 351 (2012) (quotation and ellipsis omitted). "It is the defendant who bears the burden of demonstrating that the evidence was insufficient to prove guilt." *Id.* (quotation and brackets omitted). "In reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation." *State v. Crie*, 154 N.H. 403, 406 (2006). "Circumstantial evidence may be sufficient to support a finding of guilty beyond a reasonable doubt." *Id.* "Further, the trier may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom." *Id.*

■ A person is guilty of criminal threatening when, "[b]y physical conduct, the person purposely places or attempts to place another in fear of imminent bodily injury or physical contact." RSA 631:4, I(a). If the person uses a "deadly weapon," as defined in RSA 625:11, V (2007) to do so, then criminal threatening is a class B felony. RSA 631:4, II(a)(2). " 'Deadly weapon' means any firearm, knife or other substance or thing which, in the manner it is used, intended to be used, or threatened to be used, is known to be capable of producing death or serious bodily injury." RSA 625:11, V. We have ruled that a pellet gun is not a firearm. *State v. Beaudette*, 124 N.H. 579, 581 (1984). The State assumed, for purposes of this appeal, that it had to prove that the defendant used a firearm rather than a pellet gun. Because neither party has argued that a pellet gun is a deadly weapon, we assume, without deciding, that the defendant is correct that brandishing a pellet gun, rather than a firearm, would preclude his conviction for felony criminal threatening. *Cf. State v. Schulz*, 164 N.H. 217, 226-27 (2012) (where felon possessed BB guns, and State did not contend that BB guns were "firearms" or that they could otherwise be considered deadly weapons, no probable cause existed to continue search under warrant based upon allegations of felon in possession of a deadly weapon).

The defendant first argues that the State presented only circumstantial evidence to establish that the gun that he displayed in the apartment was a firearm. The defendant contends that there was no direct evidence of this element, despite the testimony of the State's three eyewitnesses, because "[a]ll three [witnesses] testified that [the defendant] displayed a gun, but none testified that the gun was a firearm." We assume, without deciding, that the eyewitnesses' testimony, including that the gun the defendant displayed resembled the Ruger, constituted circumstantial, rather than direct, evidence that the gun was a firearm. *But see State v. Kelley*, 159 N.H. 449, 454 (2009) (defining "direct evidence" as "evidence which, if accepted as true, directly proves the fact for which it is offered, without the

need for the factfinder to draw any inferences," such as "the testimony of a person who claims to have personal knowledge of facts about the crime charged such as an eyewitness" (quotations omitted)).

The parties' arguments center on our longstanding rule that circumstantial evidence must foreclose all rational conclusions other than guilt. *See, e.g., State v. Bird*, 122 N.H. 10, 17 (1982) ("It is well established in this State that circumstantial evidence may be sufficient to support a conviction if it excludes all other rational conclusions."). The State argues that this rule should be abandoned, but that in any case it does not apply when at least one element of a charged crime is supported by direct evidence. The defendant counters that the rule should not be abandoned, that it applies here, and that it requires reversal of his conviction. Because our circumstantial evidence rule has apparently caused confusion, *see Saunders*, 164 N.H. at 349-52 (erroneous jury instruction), we take this opportunity to clarify it.

"Due process requires that the State prove each element of the crime charged beyond a reasonable doubt." *Id.* at 349 (quotation omitted); *In re Winship*, 397 U.S. 358, 364 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."). Despite this constitutional requirement, "[t]he [Federal] Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course," as long as, " 'taken as a whole, the instructions . . . correctly convey the concept of reasonable doubt to the jury.' " *Hampton v. State*, 961 N.E.2d 480, 485 (Ind. 2012) (quoting *Victor v. Nebraska*, 511 U.S. 1, 5 (1994)) (quotations and brackets omitted). The standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), "is an objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt." *State v. Captville*, 448 So. 2d 676, 678 n.2 (La. 1984). Under the *Jackson* standard, a reviewing court inquires "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

"It is a well-established rule of criminal law in this State that circumstantial evidence may be sufficient to warrant the finding by a jury of guilt beyond a reasonable doubt." *State v. Canney*, 112 N.H. 301, 302 (1972). "Proof by eyewitnesses or by direct evidence of the essential elements of the crimes or of their commission by defendants is not required. The law makes no distinction between direct evidence of a fact and evidence of circumstances from which the existence of a fact may be

inferred." *Id.* (citation omitted). "No greater degree of certainty than proof beyond a reasonable doubt is required whether the evidence is circumstantial or direct." *Id.*

We recognize that many states have joined the federal courts in rejecting the use of a specific jury instruction on circumstantial evidence. *Hampton,* 961 N.E.2d at 484; *see* Rosenberg & Rosenberg, *"Perhaps What Ye Say Is Based Only on Conjecture" — Circumstantial Evidence, Then and Now,* 31 Hous. L. Rev. 1371, 1400-01 n.121 (1995). Other states, however, require that a jury be instructed that circumstantial evidence, to merit a conviction, must not only be consistent with guilt, but also exclude reasonable theories other than guilt. *See, e.g., Hampton,* 961 N.E.2d at 487 ("providing the jury with an additional cautionary instruction in evaluating circumstantial evidence not only supports but further enhances the concept of requiring proof beyond a reasonable doubt [because i]t admonishes the jury to tread lightly where the evidentiary gap between logical certainty and guilt is more tenuous"). *See generally* Annotation, *Modern Status of Rule Regarding Necessity of Instruction on Circumstantial Evidence in Criminal Trial — State Cases,* 36 A.L.R.4th 1046 (1985). The contrasting views on the necessity of the circumstantial evidence instruction arose after the United States Supreme Court decided *Holland v. United States,* 348 U.S. 121 (1954). In *Holland,* the Court rejected a claim of reversible error for the refusal "to instruct [the jury] that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt." *Holland,* 348 U.S. at 139. Without extensive explanation, the Court concluded that "the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect." *Id.* at 139-40; *see State v. Grippon,* 489 S.E.2d 462, 465 (S.C. 1997) (*Toal,* J., concurring) ("Relying on *Holland* . . . , the federal courts and a majority of state courts have abandoned the 'reasonable hypothesis' language in favor of an approach that does not differentiate between direct and circumstantial evidence, but simply provides that a defendant's guilt must be proven beyond a reasonable doubt.") *modified, State v. Logan,* 747 S.E.2d 444, 453 (S.C. 2013). *Holland,* however, did not establish a constitutional prohibition against the use of a circumstantial evidence instruction. *See Hampton,* 961 N.E.2d at 485 ("We understand *Holland* to hold that including an additional 'reasonable theory of innocence' instruction is not required but not that it is constitutionally erroneous.").

■ We continue to hold, as we suggested just last year in *Saunders,* that, when the evidence as to any element of a charge is solely circumstantial, the presumption of innocence requires an instruction informing a jury as to the

relationship of circumstantial evidence to reasonable doubt. *See Saunders,* 164 N.H. at 352 n.2; *State v. Laudarowicz,* 142 N.H. 1, 5 (1997) ("When the State relies upon circumstantial evidence to prove an element of the charged offense, such evidence must exclude all rational conclusions except guilt." (quotation omitted)). Contrary to the State's implication, such an instruction does not alter the State's burden of proof. "To say that the evidence is sufficient if 'a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt,' is not substantively different from saying that the evidence is sufficient if a reasonable trier of fact could find that the 'evidence was inconsistent with every reasonable hypothesis of innocence.'" *Captville,* 448 So. 2d at 678 n.2 (quotation omitted); *see also Commonwealth v. Hudson,* 578 S.E.2d 781, 785 (Va. 2003) (stating that the circumstantial evidence instruction, properly understood, does not add to State's burden of proof, but is simply another way of stating that State has burden of proof beyond a reasonable doubt).

In light of the presumption of innocence, the instruction explains to the jury how the "beyond a reasonable doubt" standard applies when evidence as to one or more elements is solely circumstantial.

> Because innocence and guilt are mutually exclusive states — they cannot exist simultaneously — evidence of one state automatically creates doubt of the other state. Therefore, evidence of guilt may create doubt of innocence. However, this doubt alone is not harmful to a defendant because the defendant does not bear a burden of proving his own innocence, rather he has a presumption of innocence. Hence, a defendant must be found guilty beyond a reasonable doubt. Alternatively, however, evidence of innocence automatically should produce doubt of guilt. It is in the juror's purview to determine whether this doubt is reasonable.

Comment, *"For It Must Seem Their Guilt": Diluting Reasonable Doubt by Rejecting the Reasonable Hypothesis of Innocence Standard,* 53 LOY. L. REV. 217, 233-34 (2007). "Thus, if the record evidence shows a hypothesis consistent with the defendant's innocence that the juror deems reasonable, a reasonable doubt of his guilt should necessarily exist, and he should be acquitted." *Id.* at 234. A circumstantial evidence instruction therefore informs the jury that if a reasonable inference other than guilt can be drawn from the circumstantial evidence, then there exists a reasonable doubt, and the defendant is entitled to the benefit of that doubt. *See State v. Derouchie,* 440 A.2d 146, 149 (Vt. 1981) ("Reasonable doubt is the requisite standard of proof. 'Exclusion of every reasonable hypothesis of innocence' is simply a method for evaluating whether the reasonable doubt standard has been met."). We add, however, that " 'beyond a reasonable

doubt' does not require the exclusion of *every* other hypothesis; it is enough that all 'reasonable' doubts be excluded." *O'Laughlin v. O'Brien*, 568 F.3d 287, 301 (1st Cir. 2009) (quotation and brackets omitted; emphasis added).

██ This rationale explains why the rule is not applied in a case that does not rely solely upon circumstantial evidence to establish any element. "[W]here the proof involves both direct and circumstantial evidence, a sufficiency challenge must fail if the evidence, including the jury's credibility determinations, is such that a rational trier of fact could find guilt beyond a reasonable doubt, even if the evidence would support a rational conclusion other than guilt if the jury had resolved credibility issues differently." *Saunders*, 164 N.H. at 351. We note that although most cases will include direct evidence as to at least one element, proof of *mens rea* will usually depend entirely upon circumstantial evidence. *See Hampton*, 961 N.E.2d at 487 ("In most criminal prosecutions, there is some direct evidence that the charged crime was committed by *someone* . . . . On the other hand, the *mens rea* element for a criminal offense is almost inevitably, absent a defendant's confession or admission, a matter of circumstantial proof."). When proof of an element of a charge includes direct evidence, the jury's assessment of the proof necessarily hinges on the significance it accords the direct evidence. "Direct evidence is evidence which, if accepted as true, directly proves the fact for which it is offered, without the need for the factfinder to draw any inferences." *Kelley*, 159 N.H. at 454 (quotation omitted). The jury is responsible for "evaluation of witness credibility, resolving conflicts in the testimony, and determining the weight to be given to the evidence." *State v. Alwardt*, 164 N.H. 52, 57 (2012). Thus, once the jury has determined the credibility and weight given direct evidence, the fact for which that evidence is offered has either been proved or not proved.

██ When proof of an element of a charge is based upon only circumstantial evidence, however, application of the rule is warranted to ensure uniform application of the "beyond a reasonable doubt" standard. This is so because of the inferential nature of circumstantial evidence. Such evidence "consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved." *State v. Wayne Kelley*, 120 N.H. 14, 16 (1980). "It is within the province of the jury to draw reasonable inferences from the facts proved," as well as "from facts which they found as a result of other inferences provided they can reasonably be drawn therefrom." *Canney*, 112 N.H. at 302. To combat the possibility that a chain of inferences may lead a jury to convict upon evidence that would support either an inference of guilt or a reasonable inference of innocence — in other words, a standard less than beyond a reasonable doubt, *see* Comment, *supra* at 234 — it is necessary to instruct that the inferential

chain must not only be consistent with guilt, but also inconsistent with reasonable inferences of innocence. *See State v. Odems*, 720 S.E.2d 48, 53 n.4 (S.C. 2011) (noting that evaluation of circumstantial evidence requires the connection of collateral facts in order to reach a conclusion, a process not required when evaluating direct evidence).

 The State's argument implies that instruction on the circumstantial evidence rule is confusing. To the extent that confusion has resulted from our use of the term "all *rational* conclusions other than . . . guilt," *State v. Chapman*, 149 N.H. 753, 758 (2003) (emphasis added), we now clarify that the "beyond a reasonable doubt" standard requires assessment of solely circumstantial evidence to determine whether it excludes "all *reasonable* conclusions other than guilt." Accordingly, we exercise our supervisory jurisdiction over the trial courts of New Hampshire, *see* N.H. CONST. pt. II, art. 73-a and RSA 490:4 (2010), and endorse the following model instruction regarding direct and circumstantial evidence:

> There are two types of evidence — direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of a witness based upon personal knowledge — that is, what the witness actually saw, heard or otherwise directly experienced. Circumstantial evidence is indirect evidence which tends to prove a disputed fact by proof of other facts. Let me give you a brief example to demonstrate the difference between direct and circumstantial evidence. [Insert example.]
>
> That is all there is to circumstantial evidence. On the basis of reason and common sense you infer from an established fact the existence or non-existence of another fact.
>
> You should consider both types of evidence. There is no legal distinction between the weight of direct evidence as compared to circumstantial evidence. You are permitted to give equal weight to both, but you must decide how much weight to give any evidence, whether it be direct or circumstantial. However, there is a rule relating to circumstantial evidence that you must keep in mind. If the State presents only circumstantial evidence to prove one or more elements of the charged offense, then in order to convict, you must find that the totality of the evidence excludes all reasonable conclusions other than guilt. This means that if it is reasonable to arrive at two conclusions, one consistent with guilt and one consistent with innocence, then you must choose the reasonable conclusion consistent with innocence. In determining whether all reasonable conclusions other than guilt have been excluded, you should not consider any item of circumstantial

evidence in isolation. Rather, you should consider each item of circumstantial evidence in the context of all the other evidence.

You must understand, however, that this circumstantial evidence rule does not apply to direct evidence. Therefore, if there is a conflict between witnesses who offer direct evidence concerning certain facts, you must decide which witness to believe. For example, suppose there are two eye witnesses to a crime, and one testifies that the defendant committed the crime and the other testifies that the defendant did not commit the crime. This presents a situation where there is a conflict in the direct evidence. In this situation, you, the jury, must decide which witness to believe, and whether — based upon all of the evidence — the State has proven the defendant's guilt beyond a reasonable doubt.

In summary, you should consider all the evidence in the case and decide whether the State has proven the defendant guilty beyond a reasonable doubt.

■ Further, our standard of review is likewise clarified: To prevail on a sufficiency of the evidence challenge when the evidence as to one or more elements of the charged offense is solely circumstantial, the defendant must establish that the evidence does not exclude all reasonable conclusions except guilt. The proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions based upon the evidence have been excluded.

We turn now to the defendant's argument in this case that the circumstantial evidence was insufficient to exclude the possibility that he brandished a pellet gun rather than a firearm. The defendant contends that the jury could have reasonably concluded that the gun he brought to his confrontation with the Calleys was a pellet gun, and that the Ruger found on him a day later merely resembled it. He supports this hypothesis by pointing to Josh's uncertainty as to whether the gun displayed by the defendant in the apartment was a firearm or a pellet gun.

■ "An evaluation of the reasonableness of other hypotheses of innocence provides a helpful methodology for determining the existence of a reasonable doubt." *Captville*, 448 So. 2d at 680. "[T]he court does *not* determine whether another *possible* hypothesis has been suggested by defendant which *could* explain the events in an exculpatory fashion." *Id.* "Rather, the reviewing court evaluates the evidence in the light most favorable to the prosecution and determines whether the alternative hypothesis is sufficiently reasonable that a rational juror could not have

found proof of guilt beyond a reasonable doubt." *Id.* (quotation omitted). "[W]e do not review each circumstance proved in isolation," or "break the evidence into discrete pieces in an effort to establish that, when viewed in isolation, these evidentiary fragments support a reasonable hypothesis other than guilt." *State v. Andersen,* 784 N.W.2d 320, 332 (Minn. 2010). "Instead, we must consider whether the circumstances presented are consistent with guilt and inconsistent, *on the whole,* with any reasonable hypothesis of innocence." *Id.* (quotation omitted).

■ "The State does not have the burden of removing all doubt, but it must remove all *reasonable* doubt." *State v. Hanson,* 800 N.W.2d 618, 622 (Minn. 2011) (emphasis added). "Guilt beyond a reasonable doubt cannot be premised on pure conjecture. But a conjecture consistent with the evidence becomes less and less a conjecture, and moves gradually toward proof, as alternative innocent explanations are discarded or made less likely." *Stewart v. Coalter,* 48 F.3d 610, 615-16 (1st Cir. 1995). Questions about the reasonableness of theories of innocence are for the jury to decide in cases predicated upon circumstantial evidence. *See Nichols v. State,* 736 S.E.2d 407, 408 (Ga. 2013).

■ Here, the jury could rationally have found that the defendant's hypothesis was not "reasonable" — *i.e.,* it did not create reasonable doubt — in light of all the evidence presented. The State presented three witnesses who identified the defendant and described the charged events. All three described the gun that the defendant pulled from his waistband, cocked, and placed against Josh's head, as silver or black and silver, and shaped like a handgun, but not a revolver. The day after the incident, the defendant was arrested carrying in his waistband the Ruger, a black and silver semiautomatic pistol (not a revolver), with a silver top and a black grip and handle. Two of the eyewitnesses were asked to compare the gun they had seen in the apartment to the Ruger in evidence, and both agreed that the gun they saw looked like the Ruger. Given the totality of the evidence, we conclude that the defendant has not met his "burden to demonstrate that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found guilt beyond a reasonable doubt." *State v. McCue,* 134 N.H. 94, 104 (1991). Having reviewed the entire trial transcript, we conclude that the jury could have excluded all reasonable conclusions other than the defendant's guilt. *See id.*

*Affirmed.*

DALIANIS, C.J., and HICKS, LYNN and BASSETT, JJ., concurred.