# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0006, <u>State of New Hampshire v. Jose Sanchez-Grullon</u>, the court on January 22, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Jose Sanchez-Grullon, appeals his conviction, following a jury trial in Superior Court (<u>Garfunkel</u>, J.) on charges of first degree assault. <u>See</u> RSA 631:1 (Supp. 2014). He contends that the evidence was insufficient to show that a laceration on the victim's back was "a result of an assault as opposed to injuries received by running through the brush" because "[t]here was no direct evidence that there was more than one injury caused by the machete."

To prevail upon a sufficiency of the evidence challenge, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. <u>State v. Dion</u>, 164 N.H. 544, 548 (2013). Furthermore, when the evidence as to one or more elements of the charged offense is solely circumstantial, the defendant must establish that the evidence does not exclude all reasonable conclusions except guilt. <u>State v. Germain</u>, 165 N.H. 350, 361 (2013). The proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions based upon the evidence have been excluded. <u>Id</u>.

In this case, the State's exhibits included a photograph of the laceration on the victim's back and the t-shirt he was wearing during the assaults. The trial court denied the defendant's motion to dismiss the charge relating to the laceration on the victim's back, stating:

> The shirt was not torn before [the victim] entered the woods. It shows the tear consistent with the location of cut marks. The cut marks themselves . . . can be viewed in the context of the other wound. They're both – it is a long thin cut consistent with a blade having been struck.

We agree with the trial court and conclude that, based upon the photograph, a conclusion that the laceration on the victim's back was caused by "running through the brush" is not reasonable and that the defendant has failed to show

that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
