**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0363, <u>State of New Hampshire v. Tammy Dunn</u>, the court on April 6, 2015, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Tammy Dunn, appeals her conviction following a jury trial in Superior Court (<u>O'Neill</u>, J.) on one count of perjury. We affirm.

The perjury charge arose from the defendant's testimony in a circuit court case regarding her ability to pay a judgment, which had been issued against her in a prior proceeding. In the circuit court case, the defendant was questioned about properties that were not listed on her financial affidavit, including the Belmont property at issue in the instant case. Regarding those properties, the defendant testified that, although she was "on [those] properties with [her] children," she did not "collect any rent" and had "nothing to do with them anymore." Based upon the evidence before it, the circuit court determined that the defendant lacked a present ability to pay the judgment. Thereafter, the defendant was charged with having committed perjury when she testified that she was "on the properties with [her] children," but did not "collect any rent" and had "nothing to do with them anymore."

On appeal, she argues that the superior court erred by denying her motions to dismiss and for a directed verdict based upon insufficient evidence. Because both analyses necessarily involve the consideration of the sufficiency of the evidence presented at trial, we address both arguments together. <u>State v. Chapman</u>, 149 N.H. 753, 758 (2003). When reviewing the sufficiency of the evidence, we ask whether, based upon all the evidence and all reasonable inferences from it, considered in the light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty. <u>Id</u>. "In reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation." <u>State v. Germain</u>, 165 N.H. 350, 355 (2013). "Circumstantial evidence may be sufficient to support a finding of guilty beyond a reasonable doubt." <u>Id</u>. (quotation omitted). "Further, the trier may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom." <u>Id</u>. (quotation omitted). The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt. <u>Id</u>.

To convict the defendant of perjury, the State had to prove that she: (1) knowingly made a false, material statement under oath or affirmation, in an official proceeding (here, a prior circuit court evidentiary hearing) that (2) she did not believe to be true. See RSA 641:1, I (2007).

The defendant first argues that the evidence was insufficient for any rational finder of fact to have found, beyond a reasonable doubt, that her statements that she does not "collect rent" and has "nothing to do with [the Belmont property] anymore," were false and that she made those allegedly false statements knowingly. There was evidence that the defendant receives the rental income from the Belmont property, that she pays the mortgage, taxes, insurance, and escrow on that property, and that she signed the tenant's lease and rental agreement as the property owner and landlady. From that evidence, viewed in the light most favorable to the State, a rational fact finder could reasonably have found that the defendant's statements that she did not "collect rent" and had "nothing to do with [the property] anymore" were false. A rational fact finder also could have reasonably found from that evidence, viewed in the light most favorable to the State, that the defendant made the false statements knowingly.

The defendant next asserts that the evidence was insufficient for any rational finder of fact to have found, beyond a reasonable doubt, that her false statements were "material." To be "material," a false statement must be "capable of affecting the course or outcome of the proceeding." RSA 641:1, II (2007). Here, a rational fact finder could have found, viewing the evidence in the light most favorable to the State, that the defendant's statements that she did not "collect rent" and had "nothing to do with [the Belmont property] anymore" were "capable of affecting" the determination of her ability to pay the prior judgment. Although the defendant suggests that to be "material," the false statement had to have actually affected the circuit court proceeding, her argument is contrary to the plain meaning of RSA 641:1, II. Under that statute, to be material, the statement only has to be "capable" of affecting a proceeding.

To the extent that the defendant argues on appeal that the trial court erred when it allowed the jury to decide materiality, we conclude she has failed to preserve this argument for our review. In the trial court, the State argued that materiality "is a question of law to be determined by the Court, . . . not the jury." Id. However, the defendant argued that materiality is "a jury question." See United States v. Gaudin, 515 U.S. 506, 509, 522-23 (1995). Accordingly, without objection by the defendant, the court allowed the jury to decide

materiality.  Based upon this record, the defendant has failed to preserve her appellate argument that, by allowing the jury to decide materiality, the trial court erred.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**