# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2013-0518, <u>State of New Hampshire v. Sabreena Morgan</u>, the court on December 3, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Sabreena Morgan, appeals her conviction, following a jury trial, of dispensing a controlled drug, methadone, resulting in death.  <u>See</u> RSA 318-B:26, IX (2011).  She argues that the Superior Court (<u>Lewis</u>, J.) erred in: (1) denying her motion to dismiss at the close of the State's case; and (2) admitting a police officer's statements during her police interview.

The defendant first argues that the court erred in denying her motion to dismiss because the evidence was insufficient to prove that she dispensed methadone to the victim.  "When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State."  <u>State v. Germain</u>, 165 N.H. 350, 354-55 (2013), <u>overruled on other grounds by</u> <u>State v. King</u>, 167 N.H. ___, ___ (decided Nov. 10, 2015) (quotation omitted).  "It is the defendant who bears the burden of demonstrating that the evidence was insufficient to prove guilt."  <u>Id</u>. at 355 (quotation omitted).  "In reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation."  <u>Id</u>. (quotation omitted).  "Further, the trier may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom."  <u>Id</u>. (quotation omitted).

In this case, the victim's live-in girlfriend testified that she and the victim were spending a day at home when the victim used her girlfriend's cell phone to call the defendant's phone number several times.  At approximately 10:00 p.m., the victim received a return call from the defendant's phone number, and shortly thereafter, the girlfriend drove the victim to a local pharmacy.  In the pharmacy parking lot, the victim exited the girlfriend's vehicle and entered the front passenger seat of another vehicle in the parking lot.  Rochester Police Detective Jeremiah Murphy identified the driver of the other vehicle as the defendant.  Murphy testified that the pharmacy's surveillance video showed

that while the victim was in the passenger seat of the other vehicle, the driver emptied a cup filled with liquid onto the parking lot pavement. Shortly thereafter, the victim returned to her girlfriend's car holding a coffee cup that she did not have previously. The girlfriend testified that she and the victim returned directly home, where the victim showed her the contents of the coffee cup. The cup contained two oral syringes filled with a pink liquid. David Bean, a criminalist for the Department of Safety, testified that the coffee cup, which was retrieved from a trashcan in the victim's home, contained methadone residue.

The defendant argues that the evidence that she dispensed methadone to the victim was circumstantial. "Circumstantial evidence may be sufficient to support a finding of guilty beyond a reasonable doubt." Germain, 165 N.H. at 355 (quotation omitted). Although no eyewitness testified that the defendant delivered methadone to the victim, we conclude that the circumstantial evidence was sufficient to support such a finding beyond a reasonable doubt. After the victim ingested the methadone and was taken to the hospital, the defendant admitted to the victim's mother that she had given drugs to the victim. During her police interview, the defendant denied giving methadone to the victim on this particular occasion. However, in a subsequent telephone call with the victim's mother, which was recorded by the police and played for the jury, the defendant admitted that she knew that the victim had ingested 30 milligrams of methadone on this occasion and that the drug had come from the defendant's cousin.

The defendant further argues that the evidence did not exclude the reasonable conclusion that the victim obtained an additional dose of methadone from someone other than the defendant after her girlfriend fell asleep. As an initial matter, the State argues that the defendant waived this issue by failing to raise it in her notice of appeal or her motion to add issues. We conclude, however, that the issue is fairly subsumed in the issue raised in the notice of appeal that the court erred in denying the defendant's motion to dismiss. See Sup. Ct. R. 16(3)(b). Accordingly, we address the issue on its merits. In a challenge to the sufficiency of the evidence, "[t]he proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions based upon the evidence have been excluded." Germain, 165 N.H. at 355. "The court does not determine whether another possible hypothesis has been suggested by [the] defendant which could explain the events in an exculpatory fashion." Id. at 361 (quotation and brackets omitted). "Rather, the reviewing court evaluates the evidence in the light most favorable to the prosecution and determines whether the alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt." Id. at 361-62 (quotation omitted).

The girlfriend testified that she and the victim each orally ingested the contents of one syringe. The girlfriend testified that after feeling the effects of the drug, the next thing she remembered was waking up feeling ill and vomiting. During the night, she repeatedly checked on the victim, who was asleep in bed. In the morning, she tried to wake the victim and observed that she had stopped breathing. An ambulance was called, and the victim was taken to the hospital. Viewing the evidence in the light most favorable to the State, we conclude that the defendant's alternative hypothesis – that the victim obtained an additional dose of methadone after her girlfriend fell asleep – is not sufficiently reasonable, and that a rational juror could have found proof of guilt beyond a reasonable doubt. See Germain, 154 N.H. at 361-62.

The defendant next argues that the trial court erred in admitting Murphy's statements during the defendant's police interview. We accord the trial court considerable deference in determining the admissibility of evidence, and we will not disturb its decision absent an unsustainable exercise of discretion. State v. Munroe, 161 N.H. 618, 626 (2011). "To demonstrate an unsustainable exercise of discretion, the defendant must show that the trial court's ruling was clearly untenable or unreasonable to the prejudice of her case."

The record shows that the defendant objected on hearsay grounds to the admission of Murphy's statements containing "definite accusations that we have proof positive." The prosecution countered that the statements were not hearsay, that they were necessary to place the defendant's statements in context, and that it would not object to a limiting instruction from the court that such statements "are not being offered for the truth but to put into context the Defendant's statements that are made throughout the interview." We have recognized that in some circumstances, an officer's statements in a police interview "provide necessary context without which the jury cannot appreciate the meaning of the suspect's answers." State v. Willis, 165 N.H. 206, 218 (2013). The defendant argues that this is not such a case. In particular, the defendant objects to the following exchange:

> MURPHY: All right. Here's what's going on: I'm looking for you to be honest and cooperate, okay? Because I'm going to tell you right up front, all right, she died from the methadone overdose. Okay? We have the transaction on video. That's where the pictures come from. You see her walking up to the car, talking to – which I assume one of your children, if not both, in the passenger –
>
> DEFENDANT: When I met with [the victim], Steve[, whom she had identified earlier in the interview as her husband,] wasn't with me.
>
> MURPHY: No, he wasn't. You're right. Okay? Let me finish. Meet you at the car; she goes around, gets in. We see you pour a

3

cup outside the window and emptying it, and then you see [the victim] walking away with the cup, okay, that had two syringes in it of methadone. . . . .Okay? This is all on video. I am not BS'ing you. Those pictures are from the video. Okay? She died from methadone overdose.

DEFENDANT: I've never had methadone in my life. You can check my prescription records.

The defendant argues that Murphy's statements were not necessary for context because she did not directly respond to his description of the video. We conclude, however, that Murphy's statements provided necessary context for the defendant's responses because they allowed the jury to assess whether she was being responsive or evasive and, thus, were relevant to assessing her credibility. See id. at 220.

The defendant further argues that even if Murphy's statements provided relevant context, their probative value was substantially outweighed by the danger of unfair prejudice. The State counters that this issue has not been preserved for review because it was not raised at trial. The defendant has the burden to provide this court with a sufficient record to decide her issues on appeal and to demonstrate that she raised them in the trial court. State v. Winward, 161 N.H. 533, 542 (2011). "The general rule in this jurisdiction is that a contemporaneous and specific objection is required to preserve an issue for appellate review." State v. Winstead, 150 N.H. 244, 246 (2003) (quotation omitted). The objection must state "explicitly the specific ground of objection; all other grounds for objection shall be deemed waived." N.H. R. Ev. 103(b)(1). We conclude that the defendant failed to preserve this issue for review. We note, however, that even if the issue were preserved, we would find no error. The defendant asserts that there was a substantial danger that the jury would consider Murphy's interview statements for their truth. However, Murphy already had testified as to his observations from the video surveillance, and the jury already had viewed the parking lot surveillance video. Thus, the jury would have been able to reach its own conclusions as to the extent to which Murphy's statements during the interview were supported by the surveillance video. See State v. Nightingale, 160 N.H. 569, 575 (2010) (finding no unfair prejudice in light of other evidence admitted).

Affirmed.

Dalianis, C.J., and Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**

4