# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0314, <u>State of New Hampshire v. Kenneth Mofford</u>, the court on January 13, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Kenneth Mofford, appeals his conviction, following a bench trial in Circuit Court (<u>DeVries</u>, J.), on a charge of simple assault. <u>See</u> RSA 631:2-a, I(a) (2007). He contends that the evidence was insufficient to support a finding, beyond a reasonable doubt, that he did not act in self-defense. <u>See</u> RSA 627:4, I (2007); <u>State v. Richard</u>, 160 N.H. 780, 788 (2010) (holding that, once some evidence of self-defense is admitted, conduct negating defense becomes element of charged offense that State must prove beyond reasonable doubt).

To prevail in a challenge to the sufficiency of the evidence, the defendant bears the burden of establishing that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found guilt beyond a reasonable doubt. <u>State v. Germain</u>, 165 N.H. 350, 354-55 (2013). We examine each evidentiary item in the context of all the evidence, not in isolation. <u>Id.</u> at 355. The trier of fact may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom. <u>Id.</u>

The defendant argues that "[t]here was no credible evidence that the assault occurred in the manner described by the alleged victim." The credibility of witnesses is a factual determination within the sound discretion of the trial court. <u>State v. Gordon</u>, 141 N.H. 703, 705 (1997). The trier of fact is in the best position to measure the persuasiveness and credibility of evidence and is not compelled to believe even uncontroverted evidence. <u>State v. Dodds</u>, 159 N.H. 239, 247 (2009). Unless no reasonable person could have come to the same conclusion, we defer to the trial court's credibility determinations. <u>Gordon</u>, 141 N.H. at 706.

In this case, the victim's testimony supported the trial court's finding that the defendant did not act in self-defense. The defendant argues that the State did not challenge the credibility of his third-party eye-witness, Jacob Bouchard. We disagree. The State elicited Bouchard's testimony that he did not make a statement to the police exculpating the defendant until more than two months after the event. Furthermore, the victim testified that, immediately after striking

him, the defendant instructed Bouchard "you seen him punch me first," and both Bouchard and the victim testified that, after the altercation, the defendant left the scene without waiting for the check for which he had come. See State v. Fernandez, 152 N.H. 233, 242 (2005) (stating post-offense flight is probative of defendant's consciousness of guilt). We conclude that a reasonable person could have come to the same conclusion as the trial court regarding the witnesses' credibility. See Dodds, 159 N.H. at 247.

The defendant argues that the following facts "cast doubt on the strength and credibility of the case": (1) he was charged with only a Class B misdemeanor; (2) his sentence was suspended upon the condition that he write the victim, who is his uncle, a "meaningful letter of apology"; and (3) the State failed to interview Bouchard. Assuming without deciding that this argument was preserved and viewing the evidence in the light most favorable to the State, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, that the defendant did not strike the victim in self-defense. See Germain, 165 N.H. at 354-55 (2013).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**

2