# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0104, <u>State of New Hampshire v. Thomas Lizotte</u>, the court on November 16, 2016, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Thomas Lizotte, appeals his conviction for driving while intoxicated. <u>See</u> RSA 265-A:2 (2016). He argues that the Circuit Court (<u>Ashley</u>, J.) erred in denying his motion to dismiss which challenged the sufficiency of the evidence.

The record contains the following evidence: On September 27, 2015, at approximately 4:15 p.m., Sharon Demeritt was headed west on Route 202A in Strafford when she observed a small white car approaching from the opposite direction. The white car hit a ditch, spun around and came to rest on the same side of the road that Demeritt was travelling. Demeritt pulled over to check on the condition of the driver, the defendant. The defendant had "a bloody gash" on his forehead and mumbled in response to Demeritt's inquiry. When he tried to back up the car, Demeritt warned him that he couldn't because a tree was behind him. He continued to try to rock the car back and forth to extricate his vehicle from the ditch. Demeritt became concerned for her safety and returned to her car and called 9-1-1. She reported her concerns and provided the license plate number of the vehicle driven by the defendant. During her call, Demeritt saw the defendant's car pass her at a high rate of speed.

On the same day at approximately 4:30 p.m., Kurt Sampson observed a small white car in his driveway in Barrington. When he approached the vehicle, he observed that the driver, the defendant, was bleeding and that the window on the passenger side of the vehicle was shattered. During their brief conversation, Sampson also observed that the defendant appeared confused. Worried about the defendant and that "he could possibly hurt someone if he le[ft]," Sampson also called 9-1-1.

Strafford Police Officer Dustin responded to the 9-1-1 telephone calls. He observed the defendant drive by him in a white Elantra with damage to the front end of the car and a cracked windshield. After confirming that this was the vehicle for which he received the initial call, he turned around and followed the

car for approximately one mile and then conducted a traffic stop. After approaching the car, Dustin observed that the defendant's speech was slurred and that he appeared to have "lost urinary continence." He also "smelled the odor of an alcoholic beverage emanating from the vehicle as [the defendant] spoke" to him. When Dustin asked the defendant about his car accident earlier in the day, the defendant denied that he had had an accident and said that he had hit a deer the previous week. He stated that he had received the cut on his forehead while he was working under the car earlier that day. When asked whether he had been drinking, the defendant initially denied that he had, but during the course of the conversation he admitted that he had had a "Jack and Coke" earlier. Dustin then asked him to step out of the car. As the defendant walked toward the rear of his car, "he was kind of leaning forward and kind of staggering or maybe shuffle stepping as he walked."

Dustin asked the defendant whether he had taken any medications or suffered a brain injury in the past which might affect his performance on field sobriety tests. The defendant responded that he had not. He stated that although he had hit his head while working on his car he should be able to perform the tests. His performance on the field sobriety tests indicated that he was impaired. Dustin concluded that the defendant was impaired as a result of being under the influence of an intoxicating liquor and arrested him. As he transported him to the police station, he noticed an odor of alcohol in the cruiser that had not been there before the defendant entered it. At the police station, the defendant refused to take a breath test. Following a bench trial at which three witnesses testified and during which the court viewed an audio and video recording of the stop and arrest, the trial court found the defendant guilty of driving while intoxicated.

On appeal, the defendant challenges the sufficiency of the evidence. To convict the defendant of driving while intoxicated, the State was required to prove that the defendant: (1) drove a vehicle; (2) upon a way; and (3) he was under the influence of intoxicating liquor when he did so. See RSA 265-A:2 (2014). We note that the trial court took judicial notice that the defendant operated his vehicle upon a way.

The defendant argues that the evidence used to support his conviction was "solely circumstantial," and therefore his burden on appeal is to establish that the evidence does not exclude all reasonable conclusions except guilt. See State v. Germain, 165 N.H. 350, 361 (2013). He contends that because the "circumstantial evidence did not foreclose the possibility that [his] condition was the result of a head injury," the evidence did not exclude all other reasonable conclusions and he has met his burden. Although the record contains direct evidence that the defendant consumed alcohol and then drove, see State v. Kelley, 159 N.H. 449, 454 (2009) (direct evidence, if accepted as true, directly proves the fact for which it is offered, without need for fact finder to draw any inferences), we will assume, without deciding, that the circumstantial evidence

standard applies. We therefore apply the test advanced by the defendant: To prevail in his challenge to the sufficiency of the evidence, the defendant must establish that the evidence does not exclude all reasonable conclusions except guilt. See Germain, 165 N.H. at 361. We note, however, that even if we assume without deciding that the evidence that was presented to prove impairment was circumstantial, it was entitled to the same weight as direct evidence. See id. at 356.

In support of his argument that the State failed to present sufficient evidence to support his conviction, the defendant cites Dustin's testimony that he did not observe any impairment in the defendant's driving during the short distance that he followed him and that Dustin acknowledged that the defendant "had no trouble" getting out of his car. He also contends that his head injury affected his performance on the field sobriety tests.

The evidence before the trial court included Dustin's observations at the time of the traffic stop: (1) the defendant was slurring his words; (2) Dustin smelled an odor of alcohol coming from the vehicle when the defendant spoke to him; and (3) the defendant appeared to have been incontinent. Dustin also described the defendant's performance on the field sobriety tests. He also testified that the defendant admitted that he had had an alcoholic beverage earlier that day and that he refused to take a breath test, see RSA 265-A:10 (2014) (evidence of refusal to take alcohol concentration test admissible in criminal proceeding based upon driving while under influence of intoxicating liquor); State v. Lorton, 149 N.H. 732, 735 (2003) (refusal to take breath test supports inference that defendant sought to suppress evidence of his guilt).

Demeritt described the defendant's actions both before and after his car hit the ditch and spun around. Sampson testified that the defendant appeared confused when Sampson attempted to determine what he was doing in his private driveway.

Although Dustin testified that the defendant "exited the vehicle okay," his complete response to the question was: "He exited the vehicle okay, it was just the - - kind of walking after that concerned me." He then gave a detailed description of the defendant's performance on the field sobriety tests.

That Dustin did not observe impaired driving during a brief period does not rebut the detailed description of the defendant's conduct provided by trial witnesses. Moreover, although the defendant attributed his conduct to a head injury that he advised Dustin he had suffered that morning, that explanation is not reasonable in light of all of the evidence presented. His erratic driving before hitting the ditch, his denial that he had been in an accident that day, the odor of alcohol which Dustin detected both in the defendant's car and in Dustin's cruiser when he took the defendant into custody, and the defendant's refusal to take a

3

breath test exclude all reasonable conclusions except that the defendant was operating a vehicle while under the influence of an intoxicating liquor.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**