NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
No. 2016-0441


THE STATE OF NEW HAMPSHIRE

v.

DOMINICK STANIN, SR.

Argued: November 9, 2017
Opinion Issued: March 30, 2018


Gordon J. MacDonald, attorney general (Sean P. Gill, assistant attorney general, on the brief and orally), for the State.


Stephanie Hausman, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.


BASSETT, J. The defendant, Dominick Stanin, Sr., appeals his conviction following a jury trial in Superior Court (Ruoff, J.) for first degree assault, see RSA 631:1, I(b) (2016), robbery, see RSA 636:1, I(a), III(a) (2016), and being a felon in possession of a deadly weapon, see RSA 159:3, I(a) (2014). On appeal he argues that the evidence was insufficient to convict him of robbery, and that the trial court erred when it did not individually question each juror about the impact that a photograph — which had not been admitted into evidence, but which was visible in the defense counsel's file — had on that juror's ability to render an impartial verdict. We affirm.

The jury could have found the following facts. On August 14, 2014, the defendant and his adult son entered their housemate's bedroom and stabbed him with a knife that the victim described as "kind of like a triangle, kind of [a] wedged type thing, with a handle on it." During the assault, the defendant told his son to "do something, do something." Thereafter the victim felt someone reach into his pockets, causing his money, phone, and keys to spill onto the floor. Neighbors called an ambulance and the victim was taken to the hospital. When the victim returned home later that day after receiving treatment for two broken ribs and multiple stab wounds, he noticed that the money, phone, and keys that had previously been in his pockets were missing from his room.

The victim identified the defendant in a photo line-up. The police subsequently arrested the defendant and charged him with first degree assault, robbery, and being a felon in possession of a deadly weapon. After a three-day jury trial, the defendant was convicted on all charges.

As the jury began its deliberations, Juror 9 asked to address the court. She said that she had seen a photograph in defense counsel's file of "the weapon in question" that she "obviously wasn't supposed to see." Outside of the presence of the juror, the court and the lawyers identified the photograph as an image of a knife. A detective had downloaded the photograph from the internet, believing that the image matched the description of the weapon used in the assault. The State disclosed the photograph to defense counsel; however, it had not been admitted into evidence at trial.

In response to questioning from the trial judge, Juror 9 assured the court that she would base her verdict solely on the evidence presented during trial. She told the court that other jurors may have seen the photograph. The court instructed the juror to let it know if other jurors mentioned the photograph during deliberations.

Less than an hour later, Juror 9 reported to the court that other jurors were discussing the photograph, and that one juror had stated that defense counsel had displayed the photograph "almost deliberately, for the jury to see." Defense counsel then moved for a mistrial, arguing that the jury was "using evidence that was not admitted [and drawing] . . . an adverse inference against the Defense attorney for inadvertently exposing [the photograph] to them, which is prejudicial to [the defendant]." The court did not rule on the motion; rather it stated that the jury's exposure to the photograph did not "fall[] into the realm of juror misconduct," and that any resulting prejudice could be cured by an instruction. Defense counsel then asked the court to individually question each juror regarding what he or she saw and what opinion, if any, the juror developed about the photograph. Defense counsel again moved for a mistrial. The court denied the motion. After finding that a mistrial was not required, the court reconvened the jury and gave a detailed curative instruction, explaining that the photograph had not been intentionally

displayed, was not evidence, and could not be considered in reaching a verdict. Each juror then individually affirmed that he or she could "fairly and impartially deliberate based on the evidence that's admitted at trial." The jury convicted the defendant on all charges. This appeal followed.

On appeal, the defendant contends that the trial court erred when it: (1) denied his motion to dismiss the robbery charge because the evidence was insufficient to prove that he was in the course of committing a theft when he used force against the victim; and (2) failed to individually question each juror about the photograph because, without such questioning, "the court's inquiry was inadequate to gauge the effect on the jury of the potentially prejudicial incident."

We first address the defendant's argument regarding the sufficiency of the evidence. In order to convict the defendant of robbery, the State needed to prove beyond a reasonable doubt that the defendant, in the course of committing a theft, used physical force on the victim, and the victim was aware of the force. RSA 636:1, I(a). "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft, in an effort to retain the stolen property immediately after its taking, or in immediate flight after the attempt or commission." RSA 636:1, II (2016).

A challenge to the sufficiency of the evidence raises a claim of legal error; therefore, our standard of review is de novo. State v. Morrill, 169 N.H. 709, 718 (2017). To prevail upon a challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. Id. When the evidence is solely circumstantial, it must exclude all reasonable conclusions except guilt. Id. Under this standard, however, we still consider the evidence in the light most favorable to the State and examine each evidentiary item in context, not in isolation. Id. We "consider whether the circumstances presented are consistent with guilt and inconsistent, on the whole, with any reasonable hypothesis of innocence." State v. Germain, 165 N.H. 350, 362 (2013), modified in part on other grounds by State v. King, 168 N.H. 340, 345 (2015) (quotation omitted). "The proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions based upon the evidence have been excluded." Id. at 361. The court does not determine whether another possible hypothesis has been suggested by the defendant which could explain the events in an exculpatory fashion. Id. "Rather, the reviewing court evaluates the evidence in the light most favorable to the prosecution and determines whether the alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt." Id. at 361-62 (quotation omitted). "Questions about the reasonableness of theories of innocence are for

the jury to decide in cases predicated upon circumstantial evidence." Id. at 362.

The defendant argues that, because the evidence was insufficient to prove that force was used "in the course of committing a theft" as is required by statute, the trial court erred in denying his motion to dismiss the robbery charge. See RSA 636:1, II. He contends that a "rational conclusion consistent with innocence explains the disappearance of [the victim's] property"; namely, that other people lived in the house and any one of them could have taken his property. We disagree.

Here, a rational juror could have concluded that the defendant's alternative hypothesis was not "reasonable" because, given the totality of the evidence, the presence of other people in the house did not create reasonable doubt that the defendant committed theft. See Germain, 165 N.H. at 361-62. The jury heard testimony from the victim that, while the defendant was stabbing him, the defendant told his son to "do something, do something." The victim testified that shortly thereafter, someone reached into his pockets, causing his money, phone, and keys to spill onto the floor. Although the victim did not see the defendant take his belongings during the course of the assault, he testified that, when he returned from the hospital, his money and phone were missing from his room. Given the totality of the evidence, we conclude that the defendant has not met his burden to demonstrate that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found guilt beyond a reasonable doubt. See id. at 362.

We next address the defendant's argument that the trial court erred when it failed to question each juror individually about the impact the photograph of the weapon had on his or her ability to remain impartial. The defendant contends that the trial court's decision not to question jurors individually "about what they saw or heard others discussing and its effect on their thinking" deprived him of his state and federal constitutional rights to an impartial jury. See N.H. CONST. pt. I, art. 15; U.S. CONST. amends. VI, XIV. We first address the defendant's claims under the State Constitution, and rely upon federal law only to aid our analysis. State v. Rideout, 143 N.H. 363, 365 (1999); see State v. Ball, 124 N.H. 226, 231-32 (1983).

It is axiomatic that a defendant has a right to be tried by a fair and impartial jury. State v. Brown, 154 N.H. 345, 348 (2006). Any juror found to be disqualified before or during trial should be removed. Id.; see RSA 500-A:12, II (2010). If there is an allegation "that a juror has been biased by extrinsic contact or communication, the trial court must undertake an adequate inquiry to determine whether the alleged incident occurred and, if so, whether it was prejudicial." Brown, 154 N.H. at 348 (quotation omitted). "In a criminal case, a defendant must prove actual prejudice, although such prejudice is presumed when there are communications between jurors and

4

individuals associated with the case or when the juror's unauthorized communications with others are about the case." Id. We have extended "the same presumption to a juror's unauthorized view of the crime scene" because it presents the "same danger . . . as when a juror is party to extraneous communications concerning the case. In both instances, the juror may base his or her decision upon evidence that the defendant never had any opportunity to examine and present to the jury." State v. Lamy, 158 N.H. 511, 522 (2009). "[W]hen a juror is exposed to extraneous information sufficiently related to the issues presented at trial, a presumption of prejudice is established, and the burden of proof shifts to the State to prove that the prejudice was harmless beyond a reasonable doubt." Id. at 522-23.

The defendant argues that the presumption of prejudice applies here because the jury was exposed to extraneous information related to the case. The State, citing federal precedent, counters that "the presumption is applicable only where there is an egregious tampering or third party communication which directly injects itself into the jury process," United States v. Boylan, 898 F.2d 230, 261 (1st Cir. 1990), and that the facts of this case do not rise to the level of egregiousness which justify imposition of the presumption. Here, we need not decide whether the presumption of prejudice applies: even if we were to find that the photograph constituted the kind of extrinsic contact or communication that triggers the presumption, we conclude that the trial court did not err when it denied the defendant's request that each juror be questioned individually.

"When a party makes a colorable claim that a jury may be biased or tainted by extrinsic contact or communication, the court must undertake an adequate inquiry to determine whether the alleged incident occurred and, if so, whether it was prejudicial." Rideout, 143 N.H. at 365 (emphasis added). The trial court has broad discretion to determine the extent and nature of its inquiry. Id. This is a fact-specific determination, which we review for an unsustainable exercise of discretion. Lamy, 158 N.H. at 523.

Here, the defendant argues that the trial court's inquiry was inadequate because the court did not "question each juror individually about what they saw or heard others discussing and its effect on their thinking." The defendant contends that, because we have previously observed that the "most common approach [for inquiring into juror misconduct] is to remove the offending juror and undertake individual voir dire of the panel," id., the trial court erred when it did not do so here. He further argues that a trial court must question jurors individually about a presumptively prejudicial incident in order for the record to sufficiently establish that the jury was untainted. See Rideout, 143 N.H. at 368. We disagree.

In Rideout, we concluded that the State had failed to rebut the presumption of prejudice, when, after a witness for the State provided medical

assistance to a juror during deliberations, the court did not inquire into the potentially prejudicial effect the incident may have had on the jury as a whole. Id. We did not, however, hold that a trial court is required to question each juror individually. Rather, we stated:

> When a party makes a colorable claim that a jury may be biased or tainted by extrinsic contact or communication, the court must undertake an adequate inquiry to determine whether the alleged incident occurred and, if so, whether it was prejudicial. The trial court has broad, though not unlimited, discretion to determine the extent and nature of its inquiry.

Id. at 365 (emphases added) (citations omitted). In Rideout, we reversed the trial court's decision because it had explored the effect of the incident only with the juror who received medical assistance, and it "did not hear any evidence or make any findings" regarding whether that juror had disclosed his encounter with the State's witness to the rest of the jury. Id. at 368. Accordingly, because the State offered no evidence regarding what effect, if any, the incident had on the other jurors' ability to render an impartial verdict, we concluded that the State had failed to rebut the presumption of prejudice. See id.; see also United States v. Zimny, 846 F.3d 458, 472 (1st Cir. 2017) (a "judge does not have discretion to refuse to conduct any inquiry at all regarding the magnitude of the taint-producing event and the extent of the resulting prejudice if confronted with a colorable claim of juror misconduct" (quotation omitted)). Therefore, although Rideout requires that a trial court make an "adequate inquiry" into a presumptively prejudicial incident, it does not mandate that the trial court individually question each juror. See Rideout, 143 N.H. at 365.

Here, in contrast with Rideout, despite the fact that the trial court concluded that the jury's exposure to the photograph did not fall "into the realm of juror misconduct," the trial court investigated the effect of the photograph on each juror when it: (1) questioned Juror 9 about the nature of the conversation among jurors about the photograph; (2) instructed the entire jury that the photograph had not been intentionally displayed, was not evidence, and could not be considered in reaching a verdict; (3) received an individual affirmation from each juror that he or she could "continue to fairly and impartially deliberate based on the evidence that's admitted at this trial"; and (4) further instructed the jurors not to discuss the photo, and to notify the court if the photo was again discussed. The trial court also warned the jurors that any juror who did not follow the court's instructions would be replaced. Therefore here, because of the trial court's investigation, there was sufficient evidence to establish that any prejudice resulting from the jury's exposure to the photograph was harmless beyond a reasonable doubt.

6

To the extent that the defendant also argues that the trial court erred because its curative instruction was insufficient to cure the possible prejudice, we disagree. "The adequacy of a particular jury instruction necessarily depends on the capacity of the offending [incident] to lead to a verdict that could not otherwise be justly reached." State v. Dowdle, 148 N.H. 345, 348 (2002). Although "there may be some instances in which curative instructions would be inadequate as a matter of law," id. (quotation omitted), this is not one of those instances. "[W]e base our review on the familiar presumption that jurors follow the trial court's instructions." Id. (quotation omitted). Here, the court conducted an inquiry into the jury's exposure to the photograph, and fashioned a curative instruction that squarely addressed the defendant's concern that the jury would draw an adverse inference against him if it believed that defense counsel had disclosed the photograph intentionally. The court's instruction sufficiently diminished any prejudicial impact that might have resulted from the jury's exposure to the photograph. Importantly, after the trial court gave the curative instruction to the jury, each juror affirmed that he or she remained impartial. "[A] juror is well-qualified to say whether he has an unbiased mind in a certain matter." Lamy, 158 N.H. at 523 (quotation omitted).

Thus, even if the presumption of prejudice were to apply, we conclude that the trial court soundly exercised its discretion, and that its inquiry was adequate to determine whether the incident was prejudicial. See Brown, 154 N.H. at 348. Although the trial court did not conduct its inquiry in the specific fashion requested by the defendant, "it is within the trial court's discretion to determine what constitutes an adequate inquiry into juror misconduct." Lamy, 158 N.H. at 523 (quotation omitted). Here, we conclude that, in light of the curative instruction, and each juror's individual affirmation that he or she could remain impartial, there was sufficient evidence that the prejudice, if any, from the incident was harmless beyond a reasonable doubt.

As the Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances, see Rideout, 143 N.H. at 365, we reach the same result under the Federal Constitution as we do under the State Constitution. Any remaining arguments raised in the defendant's notice of appeal or at oral argument that are not fully briefed are deemed waived. See State v. Scott, 167 N.H. 634, 638 (2015) (argument made at oral argument, but not briefed or raised in the trial court, is deemed waived); State v. Blackmer, 149 N.H. 47, 49 (2003) (issue raised in a notice of appeal, but not fully briefed, is deemed waived).

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS, LYNN, and HANTZ MARCONI, JJ., concurred.