Hillsborough-northern judicial district
No. 2001-354

THE STATE OF NEW HAMPSHIRE

v.

BRIAN K. PATTEN

Argued: October 16, 2002
Opinion Issued: December 16, 2002

*Philip T. McLaughlin*, attorney general (*Simon R. Brown*, senior assistant attorney general, on the brief and orally), for the State.

*Christopher M. Johnson*, chief appellate defender, and *David M. Rothstein*, deputy chief appellate defender, of Concord (*Mr. Johnson* and *Mr. Rothstein* on the brief, and *Mr. Johnson* orally), for the defendant.

DALIANIS, J. The defendant, Brian K. Patten, appeals his conviction on two first degree murder charges. *See* RSA 630:1-a (1996). He asserts that the Superior Court (*Sullivan*, J.) erroneously instructed the jury on the elements of premeditation and deliberation and that there was insufficient evidence to support a finding of premeditation and deliberation. We affirm.

The relevant facts follow. On Saturday, June 3, 2000, the defendant called 9-1-1 from his residence, and stated that he had committed two "necessary killings." The defendant said that he felt "so bad" but "could not bear what — what they were doing." He stated that he "took a lot of medication, and [] just had to do it." Following the call, two police officers

went to the defendant's house and requested that he come outside. The defendant did not cooperate. Eventually, the officers entered the house and, after a struggle, subdued and handcuffed the defendant. While he was in handcuffs, the defendant continued to express sorrow over what he had done. When an EMT approached him to check his bandages, the defendant stated, "they wanted a third of my paycheck to live here."

Inside the officers discovered the bodies of the defendant's mother and stepfather. His mother had suffered skull fractures and contusions on her brain from at least six blows to the left side of her head. His stepfather had suffered significant brain injury and extensive skull fracturing in the area of his forehead, having sustained at least eight blows to his head, three to his back and three to his hands.

Pursuant to a warrant, the police searched the residence. A wooden mallet and mallet end cap were found separately in the first floor bedroom. Blood consistent with the defendant's stepfather's blood was later detected on the mallet, while blood consistent with the defendant's mother's blood was later detected on the mallet end cap. The police also found a spiral notebook opened to a page with blood on it. Another page, dated June 3, 2000, contained the text, "I, Brian Keith Patten, died for my daughters and son would live better . . . to save them all . . . I'm truly sorry. Love, Brian." On the next page were the words, "I have had serial killing intentions for awhile, so I thought before I killed, to end it."

At trial, the defendant acknowledged that he had murdered his mother and stepfather but argued that a charge of first degree murder was inappropriate because he acted without premeditation or deliberation. At the close of the State's case, the defendant moved to dismiss the charges of first degree murder because the State failed to prove the element of premeditation and deliberation. The trial court denied the motion. The defendant then requested that the trial court instruct the jury that premeditation and deliberation only exist when the defendant had "weighed the pros and cons and thought about the moral consequences of killing someone." The trial court declined to do so. The defendant was convicted on both charges of first degree murder. This appeal followed.

The defendant first argues that the trial court did not properly define the elements of premeditation and deliberation in its jury charge. "We have long recognized the rule that a claim of an erroneous jury charge must be evaluated by reading the alleged offending portion in the context of the trial court's whole charge." *State v. Parker*, 142 N.H. 319, 324 (1997) (quotations omitted). "Reversal is not warranted unless the charge, as a whole, does not fairly cover the issues of law of the case." *State v. Marti*, 143 N.H. 608, 617 (1999) (quotations omitted). The elements of premeditation and deliberation require proof beyond a reasonable doubt of

"some reflection and consideration upon the choice to kill or not to kill, and the formation of a definite purpose to kill." *State v. Elbert*, 125 N.H. 1, 11-12 (1984) (quotation and ellipses omitted).

■ The defendant argues that the trial court's jury charge impermissibly "require[d] merely a finding that the defendant thought about any aspect of the killing, such as the choice of weapon or manner of killing," rather than requiring some reflection on the choice to kill as the law requires. We disagree. The trial court instructed the jury by offering several questions it might ask when considering the issue of premeditation and deliberation. The trial court then concluded by providing nearly the exact definition of premeditation and deliberation that we set forth in *State v. Greenleaf*, 71 N.H. 606, 613-14 (1902):

> There must be not only an intention to kill, but there must also be a deliberate and premeditated design to kill. Such design must precede the killing by some appreciable space of time. But the time need not be long. It must be sufficient for some reflection and consideration upon the matter, for choice to kill or not to kill, and for the formation of a definite purpose to kill. And when the time is sufficient for this, it matters not how brief it is. Whether a deliberate and premeditated design to kill was formed must be determined from all the circumstances of the case.

By instructing the jury with the definition from *Greenleaf*, as well as with questions that the jury could consider in determining whether the State had met its burden, the trial court properly defined premeditation and deliberation. *See Elbert*, 125 N.H. at 11-12. Accordingly, the trial court did not err in refusing to give the defendant's requested instruction.

■ The defendant next argues that there was insufficient evidence to support a finding of premeditation and deliberation. To prevail on a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, evaluating all of the evidence and its reasonable inferences in the light most favorable to the State, could conclude beyond a reasonable doubt that he had committed the charged crime. *State v. Hammell*, 147 N.H. 313, 319 (2001). In determining whether sufficient evidence existed to convince a rational juror that a defendant acted with premeditation and deliberation, we rely upon specific factors including: "[t]he character of the weapon employed, the force and number of blows inflicted, the location and severity of the wounds, the place of the crime, previous remarks and conduct indicating preparation, subsequent acts and statements . . . ." *State v. Sullivan*, 131 N.H. 209, 216 (1988) (quotation omitted).

■ The record establishes that there was sufficient evidence to convince a rational juror that the defendant acted with premeditation and deliberation. The defendant used a heavy wooden mallet, a weapon capable of producing death, to carry out the attack. He inflicted several severe wounds on each victim. He struck his mother at least six times, and his stepfather at least thirteen times. The locations of the wounds also support the jury's finding. His mother's wounds were concentrated around her head, a vital area of her body. His stepfather was struck not only in the head, but also in the hands and back, which indicated that the defendant persisted in the attack even while the victim attempted to defend himself. Moreover, the defendant's diary entry that he "had serial killing intentions for awhile" was evidence that he had thought about committing murder prior to the attacks. Finally, there was evidence of the defendant's motive in murdering his mother and stepfather. During the 9-1-1 call after the murders, he stated that he "could not bear [] what they were doing," and he told an EMT that "they wanted a third of my paycheck to live here."

In sum, considering the evidence in the light most favorable to the State, we conclude a reasonable jury could have found beyond a reasonable doubt that the defendant acted with premeditation and deliberation.

*Affirmed.*

BROCK, C.J., and NADEAU, J., concurred.