NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Carroll
No. 2014-0576

THE STATE OF NEW HAMPSHIRE

v.

MARIANNE KING

Argued:  October 14, 2015
Opinion Issued:  November 10, 2015

Joseph A. Foster, attorney general (Patrick J. Queenan, assistant attorney general, on the memorandum of law and orally), for the State.

Stephanie Hausman, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

DALIANIS, C.J.  The defendant, Marianne King, appeals her conviction by a jury on one count of theft by unauthorized taking.  See RSA 637:3 (2007). She argues that the Superior Court (Garfunkel, J.) erred by giving the jury a portion of the instruction we endorsed in State v. Germain, 165 N.H. 350, 360-61 (2013).  We affirm.

In Germain we exercised our "supervisory jurisdiction over the trial courts of New Hampshire" by endorsing "the following model instruction regarding direct and circumstantial evidence":

There are two types of evidence — direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of a witness based upon personal knowledge — that is, what the witness actually saw, heard or otherwise directly experienced. Circumstantial evidence is indirect evidence which tends to prove a disputed fact by proof of other facts. Let me give you a brief example to demonstrate the difference between direct and circumstantial evidence. [Insert example.]

That is all there is to circumstantial evidence. On the basis of reason and common sense you infer from an established fact the existence or non-existence of another fact.

You should consider both types of evidence. There is no legal distinction between the weight of direct evidence as compared to circumstantial evidence. You are permitted to give equal weight to both, but you must decide how much weight to give any evidence, whether it be direct or circumstantial. However, there is a rule relating to circumstantial evidence that you must keep in mind. If the State presents only circumstantial evidence to prove one or more elements of the charged offense, then in order to convict, you must find that the totality of the evidence excludes all reasonable conclusions other than guilt. This means that if it is reasonable to arrive at two conclusions, one consistent with guilt and one consistent with innocence, then you must choose the reasonable conclusion consistent with innocence. In determining whether all reasonable conclusions other than guilt have been excluded, you should not consider any item of circumstantial evidence in isolation. Rather, you should consider each item of circumstantial evidence in the context of all the other evidence.

You must understand, however, that this circumstantial evidence rule does not apply to direct evidence. Therefore, if there is a conflict between witnesses who offer direct evidence concerning certain facts, you must decide which witness to believe. For example, suppose there are two eye witnesses to a crime, and one testifies that the defendant committed the crime and the other testifies that the defendant did not commit the crime. This presents a situation where there is a conflict in the direct evidence. In this situation, you, the jury, must decide which witness to believe, and whether — based upon all of the evidence — the State has proven the defendant's guilt beyond a reasonable doubt.

In summary, you should consider all the evidence in the case and decide whether the State has proven the defendant guilty beyond a reasonable doubt.

Germain, 165 N.H. at 360-61.

At trial, the defendant argued that it was error to instruct the jury that "if there is a conflict between witnesses who offer direct evidence concerning certain facts, you must decide which witness to believe." Id. at 361. She asserted that this instruction, which, for the purposes of this appeal, we refer to as "the Germain direct-evidence instruction," was "misleading" because it conflicted with the State's burden to prove the elements of the crime beyond a reasonable doubt:

> It's our position . . . that the way this is worded seems to inquire, let's say in this case the jury is deciding whether to believe [a witness] over [the defendant], [and] is called upon to make a conclusion as to -- final conclusion as to a certain fact. It is certainly possible that the jury could find either that it's more likely that [the defendant] is telling the truth or more like[ly] that [the witness] is telling the truth, but not sufficiently.
>
> So to get to the beyond a reasonable doubt certainty, the jury should not be instructed, they must choose basically an absolute certainty as to that fact, that that is misleading, resulting in a question of whether or not the verdict was based on a finding of beyond a reasonable doubt.

The trial court overruled the defendant's objection to the instruction, stating: "As we discussed, the New Hampshire Supreme Court has instructed us to give this instruction exactly as it appears, and so the instruction will remain."

In addition to giving the jury the entire instruction we endorsed in Germain, the trial court instructed:

> In deciding whether the State has proven the charge against the Defendant beyond a reasonable doubt, you must consider the credibility of witnesses. That is, it is up to you to decide who to believe.
>
> If there is any conflict between the witnesses, then you must resolve the conflict and decide what the truth is. Simply because a witness has taken an oath to tell the truth, does not mean that you have to accept the testimony as true.

3

In deciding which witnesses to believe, you should use your common sense and judgment, and I suggest you consider a number of factors, the witness's age, intelligence, and experience; whether the witness appeared to be candid; whether the witness appeared worthy of belie[f]; the accuracy of the witness's memory; the appearance and demeanor of the witness while testifying; whether the witness has an interest in the outcome of the case; whether the witness has any reason for not telling the truth; whether what the witness said seemed reasonable or probable; whether what the witness said seemed unreasonable or inconsistent with the other evidence in the case; and whether the witness had any friendship or animosity towards other people in the case.

You should consider these factors in deciding the credibility of all the witnesses, whether they happen to be ordinary citizens or police officers. In short, you should consider the testimony of each witness and give it the weight that you think it deserves.

You can accept all of what a witness says, you can reject all of what a witness says, or you can accept some of it and reject some of it, it is up to you.

In deciding whether to believe a witness and how much of his or her testimony to believe, you should consider both the direct and cross-examination of the witness.

You need not believe a witness's testimony simply because it is un-contradicted. As I said, the determination of witness credibility is up to you. If you believe that a witness testified falsely as to part of his or her testimony, you may choose to distrust other parts also, but you are not required to do so.

You should bear in mind that inconsistencies and contradictions in a witness's testimony or between his or her testimony and that of others, do not necessarily mean that you should disbelieve the witness, memory failures and mistaken memories are common and may explain some inconsistencies and contradictions.

It is also common for two honest people to witness the same event and to see and hear things differently. You should evaluate inconsistencies and contradictions and determine whether they relate to important or unimportant facts.

On appeal, the defendant asserts that the Germain direct-evidence instruction "improperly constrained the jury's factual findings and credibility determinations." She argues that, because of that instruction, "the jury was precluded from finding that there was some truth" to her testimony and that of another witness. Although in the trial court the defendant relied upon the State and Federal Constitutions, she does not do so on appeal.

Whether a particular jury instruction is necessary, and the scope and wording of the instruction, are within the sound discretion of the trial court. State v. Noucas, 165 N.H. 146, 154 (2013). We review the trial court's decisions on these matters for an unsustainable exercise of discretion. Id. In determining whether a ruling is a proper exercise of judicial discretion, we consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made. Id. at 158. The defendant bears the burden of demonstrating that the trial court's ruling was clearly untenable or unreasonable to the prejudice of her case. See id. "When reviewing jury instructions, we evaluate allegations of error by interpreting the disputed instructions in their entirety, as a reasonable juror would have understood them, and in light of all the evidence in the case." Id. at 154 (quotation omitted). "We determine whether the jury instructions adequately and accurately explain each element of the offense and reverse only if the instructions did not fairly cover the issues of law in the case." Id. (quotation omitted).

The defendant has failed to demonstrate that the trial court's decision to give the Germain direct-evidence instruction "was clearly untenable or unreasonable to the prejudice of [her] case." Id. at 158. The defendant contends that the Germain direct-evidence instruction incorrectly instructed the jury how to "assess[ ] conflicting direct evidence." She argues that her testimony and that of the executive director of the non-profit organization for whom she previously worked conflicted and constituted "direct evidence." We disagree that the testimony upon which she relies constituted conflicting direct evidence. While the defendant's testimony was direct evidence that she did not commit the crime, the executive director's testimony was merely circumstantial evidence that she did commit it.

Moreover, the testimony upon which the defendant specifically relies does not conflict. The defendant testified that, when she received a cash payment, she put the cash and its corresponding receipt into an envelope that she left for the executive director to retrieve. The executive director agreed that when the defendant received a cash payment, she "would put the money and receipts in an envelope" that the executive director would either retrieve or that the defendant would deliver to her.

Because the testimony upon which the defendant relies does not constitute conflicting direct evidence, she has failed to demonstrate that the

5

trial court's decision to give the <u>Germain</u> direct-evidence instruction caused prejudice to her case. Absent such prejudice, we uphold the trial court's decision to issue that instruction.

Although the instant case does not require us to reconsider the <u>Germain</u> direct-evidence instruction, and although the parties have not asked us to overrule <u>Germain</u>, in the exercise of our supervisory authority, we revise that instruction as follows (new language in bold):

> You must understand, however, that this circumstantial evidence rule does not apply to direct evidence. Therefore, if there is a conflict between witnesses who offer direct evidence concerning certain facts, **you should resolve the conflict**. For example, suppose there are two eye witnesses to a crime, and one testifies that the defendant committed the crime and the other testifies that the defendant did not commit the crime. This presents a situation where there is a conflict in the direct evidence. In this situation, you, the jury, **should resolve the conflict, and must decide** whether — based upon all of the evidence — the State has proven the defendant's guilt beyond a reasonable doubt.

All issues that the defendant raised in her notice of appeal, but that she did not brief, are deemed waived. <u>See</u> <u>In re Estate of King</u>, 149 N.H. 226, 230 (2003).

<u>Affirmed</u>.

HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.