**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0718, <u>Robin Katz v. David Warren & a.</u>, the court on August 22, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, David Warren and Laurie Warren, appeal an order of the Circuit Court (<u>Crocker</u>, J.), following a bench trial, awarding judgment in the amount of $7,500 plus interest and costs in favor of the plaintiff, Robin Katz, upon her small claim seeking damages for breach of a residential lease, and dismissing their counterclaim. We construe their brief to argue that the trial court erred by: (1) allowing the plaintiff's attorney to violate RSA 503:2-a (2010) by not filing a timely appearance; (2) allowing the plaintiff to violate the trial court's pretrial order by introducing previously undisclosed evidence and a report of an inspection of the leased premises conducted after they had vacated the property; and (3) relying upon hearsay and other evidence offered by the plaintiff, and ignoring evidence in their favor, in ruling in favor of the plaintiff.

The trial court has broad discretion to manage the proceedings before it. <u>Buzzard v. F.F. Enters.</u>, 161 N.H. 28, 29 (2010). Its discretion necessarily encompasses decisions concerning the enforcement of, and whether to sanction a party for violating, a scheduling order. <u>See</u>, <u>e.g.</u>, <u>Estate of Sicotte v. Lubin & Meyer</u>, 157 N.H. 670, 673 (2008); <u>Figlioli v. R.J. Moreau Cos.</u>, 151 N.H. 618, 626 (2005). Its discretion likewise encompasses decisions concerning the admission of evidence at trial. <u>State v. Towle</u>, 167 N.H. 315, 320 (2015). We will not overturn the trial court's decisions on such matters absent an unsustainable exercise of discretion. <u>Id</u>.; <u>Buzzard</u>, 161 N.H. at 29; <u>Estate of Sicotte</u>, 157 N.H. at 673. This means that we examine the record to determine whether it establishes an objective basis to sustain the trial court's discretionary judgments. <u>See</u> <u>State v. King</u>, 168 N.H. 340, 344 (2015).

It is the defendants' burden, as the appealing parties, to establish that the trial court unsustainably exercised its discretion. <u>See</u> <u>id</u>. It is likewise their burden to provide a record on appeal that is sufficient to decide the issues they are raising, and to establish that they properly raised their issues in the trial court. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt</u>. 151 N.H. 248, 250 (2004). These requirements are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006). We will not find an unsustainable exercise of discretion unless the defendants demonstrate that

the trial court's ruling was clearly untenable or unreasonable to the prejudice of their case.  King, 168 N.H. at 344.

By statute, small claim proceedings are informal.  RSA 503:2 (2010).  The technical rules of evidence do not govern; the trial court may admit whatever evidence it deems material and proper.  RSA 503:7 (2010).  We will uphold the trial court's findings and rulings unless they are unsupported by the evidence or erroneous as a matter of law, deferring to the trial court's judgment on such issues as resolving conflicts in the testimony, evaluating the credibility of the parties, and determining the weight to be accorded the evidence submitted at trial.  Vincent v. MacLean, 166 N.H. 132, 134 (2014).

We first address whether the trial court erred by allowing the plaintiff's attorney to violate RSA 503:2-a.  RSA 503:2-a requires counsel in a small claim proceeding to file an appearance at least seven days prior to the hearing, and requires the trial court to give the parties notice of this requirement.  RSA 503:2-a, I & II.  Any party who does not receive notice from the trial court of the requirement that counsel file an appearance at least seven days before the hearing may request a continuance, and the statute provides that the trial court should ordinarily grant such a request.  RSA 503:2-a, III.

The record in this case establishes that the plaintiff's counsel filed an appearance on the day of the hearing, but does not show that the defendants objected at that time to his participation or requested a continuance.  Rather, they raised the untimely appearance issue only in their motion for reconsideration, after the time during which the trial court could have effectively addressed the issue had passed.  See State v. Williams, 142 N.H. 662, 669 (1998); Broderick v. Watts, 136 N.H. 153, 169 (1992).  Under these circumstances, the defendants have neither established that they timely raised this issue at trial, nor that the trial court unsustainably exercised its discretion.

We next address whether the trial court erred by allowing the plaintiff to violate its pretrial order.  The pretrial order required the parties to exchange trial exhibits on or before June 25, 2015, and stated that a failure to do so "may result in the court prohibiting [the exhibits'] use at trial."  At the start of the August 20, 2015 trial, counsel for the plaintiff stated: "Your Honor, I have a number of exhibits.  I don't know – there was some sort of order that was made beforehand, but I know normally in small claims' cases you can just bring them with you on the day of trial."  Counsel then provided the exhibits to the defendants and the trial court, and without objection, asked the plaintiff numerous questions and made several offers of proof concerning the exhibits.  The defendants first alerted the trial court to the fact that the plaintiff had not previously disclosed the exhibits after the plaintiff had rested.  The plaintiff's counsel responded, "Your Honor, most of those [exhibits] are [the defendants'] own e-mails.  I mean [the exhibits are] copies of stuff that they've had the

entire time." The trial court directed the defendants to "proceed on the merits." We note that the appendices provided on appeal do not contain a complete copy of the exhibits. See Sup. Ct. R. 13(2) & (3) (appealing party responsible to provide relevant portions of record in appendix); Bean, 151 N.H. at 250 (appealing party responsible to provide portions of record necessary to decide appeal).

Upon this record, we cannot say that the trial court unsustainably exercised its discretion by allowing the exhibits into evidence. Beyond generally asserting that they had not seen the exhibits before and that "that's not fair," and claiming that the plaintiff had purposely mailed a few documents to an invalid address, the defendants did not establish at trial how they were harmed by the failure to comply with the pretrial order. Indeed, the defendants did not object when the plaintiff provided the exhibits to the trial court and testified extensively about them. Nor have they provided the exhibits on appeal. Under these circumstances, the defendants have not established that allowing the exhibits into evidence was clearly untenable or unreasonable to the prejudice of their case. King, 168 N.H. at 344.

The defendants further argue that the plaintiff violated the pretrial order by introducing a report of an inspection of the leased premises conducted after they had vacated the property. The pretrial order is silent, however, as to any inspection report. At the pretrial conference, in response to the questions of the plaintiff, who was then self-represented, regarding whether she could submit letters from potential witnesses at trial, the trial court explained:

> There's a hearsay requirement. And even though the rules in small claims are lax, you can't bring in 25 letters from neighbors saying this property is fine. . . . I mean, because they don't have any ability to say well have you ever seen this, have you . . . ever seen that. . . . [B]ut if it's somebody like a building inspector who went through during the time of the tenancy and that has some information, then yes.

This statement was not an "order" precluding the plaintiff from introducing an inspection report if the inspection had been conducted after the defendants vacated the property. Rather, it was simply an explanation, by example, of what evidence the trial court would allow to be introduced at trial by letter. We note that the inspection in question was conducted by town officials, in response to the defendants' complaints, only two months after they had left the property, that the lease term had not yet expired, and that the plaintiff had not been able to re-let the property. We conclude that the trial court reasonably could have deemed the inspection report material and proper. RSA 503:7.

Finally, we address whether the trial court erred by relying upon hearsay and other evidence offered by the plaintiff, and by ignoring evidence favoring

the defendants, in finding in favor of the plaintiff. The "hearsay" identified by the defendants consisted of an affidavit from the plaintiff's realtor, asserting that: (1) he had unsuccessfully attempted to market the property for more than ninety days; (2) he had received noticeably fewer calls regarding the property while he was marketing it than he anticipated receiving based upon his experience; (3) when he referred potential renters to the property, they asked him "curious questions about the heating, maintenance, and" the landlord; and (4) he had subsequently discovered that someone had been posting internet advertisements using "the same opening language as" the language in his own advertisements, and then "advising readers to avoid the property as a heating and landlord problem." As noted above, the technical rules of evidence do not apply in small claim proceedings. RSA 503:7. We conclude that the trial court reasonably could have deemed the affidavit material and proper. Id.; see Novak v. Company, 84 N.H. 93, 96 (1929) (stating that landlord must make reasonable efforts to mitigate losses by re-letting property following breach of a lease by a tenant).

To the extent the defendants argue that the trial court erroneously relied upon other evidence offered by the plaintiff, and ignored evidence that favored their position, we observe that the trial court was free to accept or reject, in whole or in part, whatever evidence was presented, and was not required to believe even uncontested evidence. In the Matter of Aube & Aube, 158 N.H. 459, 466 (2009). Based upon our review of the transcript and the portions of the record provided on appeal, we conclude that the trial court's findings and rulings were neither unsupported by evidence nor erroneous as a matter of law. Vincent, 166 N.H. at 134.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

4