NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
No. 2016-0573


THE STATE OF NEW HAMPSHIRE

v.

GEDEON KARASI

Argued: October 12, 2017
Opinion Issued: January 26, 2018


Gordon J. MacDonald, attorney general (Bryan J. Townsend, II, assistant attorney general, on the brief and orally), for the State.


Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.


BASSETT, J. The defendant, Gedeon Karasi, appeals his conviction following a jury trial in Superior Court (Ruoff, J.) for attempted murder, see RSA 630:1-a (2016) (amended 2017); RSA 629:1 (2016), first degree assault, see RSA 631:1, I (2016), armed robbery, see RSA 636:1, I, III (2016), and resisting arrest or detention, see RSA 642:2 (2016). On appeal, he argues that the trial court erred when it denied his motion to dismiss the attempted murder charge because the evidence was insufficient to prove a purpose to kill, and that it committed plain error by allocating all of the defendant's presentence confinement credit to his misdemeanor sentence. The State agrees

that the trial court erred when it sentenced the defendant and that the defendant should be resentenced. We affirm the defendant's attempted murder conviction, vacate the sentences imposed, and remand for resentencing.

The jury could have found the following facts. On February 21, 2016, the defendant, who was unarmed, entered a convenience store in Manchester, jumped over the counter, and began assaulting the clerk who was behind the counter. The clerk pressed the panic button, grabbed an aluminum bat from under the counter, and physically resisted the defendant's attack. For the next eight minutes, the defendant and the clerk exchanged blows with the defendant repeatedly striking the clerk in the head with his fists and the bat, and kicking him in the head. Approximately seven minutes into the altercation, the clerk said, "I'm done, please run away, take the money," and "Leave me, leave me, I'm done, done." The defendant did not cease his assault, but continued to strike the clerk's face and head with the bat for approximately forty-five seconds. After leaving the clerk bleeding on the floor, the defendant grabbed money from the cash register and left the store. He was apprehended by police as he attempted to flee. The clerk sustained serious injuries to his face and head and was hospitalized for one and one-half days.

The defendant was charged with attempted murder, first degree assault, armed robbery, and resisting arrest or detention. At trial, the State introduced into evidence a surveillance video from the convenience store which captured most, but not all, of the altercation. The video has no audio track. The clerk testified at trial, describing the fight in detail. At the close of the State's evidence, the defendant moved to dismiss the attempted murder charge, arguing that the State did not present sufficient evidence to prove that the defendant formed a purpose to kill. The trial court denied the motion. The jury later convicted the defendant on all charges. This appeal followed.

The defendant argues that the trial court erred by denying his motion to dismiss the attempted murder charge because the State introduced insufficient evidence to prove that he formed a purpose to kill the clerk. A challenge to the sufficiency of the evidence raises a claim of legal error; therefore, our standard of review is de novo. State v. Morrill, 169 N.H. 709, 718 (2017). To prevail upon a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. Id. When the evidence is solely circumstantial, it must exclude all reasonable conclusions except guilt. Id. The proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions based upon the evidence have been excluded. State v. Germain, 165 N.H. 350, 361 (2013), modified in part on other grounds by State v. King, 168 N.H. 340, 345 (2015). We evaluate the evidence in the light most favorable to the prosecution and determine whether an alternative hypothesis is sufficiently

reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. Id. at 361-62. "We do not review each circumstance proved in isolation, or break the evidence into discrete pieces in an effort to establish that, when viewed in isolation, these evidentiary fragments support a reasonable hypothesis other than guilt." Id. at 362 (quotation and brackets omitted). "Instead, we must consider whether the circumstances presented are consistent with guilt and inconsistent, on the whole, with any reasonable hypothesis of innocence." Id. (quotation omitted).

"To prove attempted murder, the State is required to submit sufficient evidence that a person took a substantial step toward killing another with the purpose of accomplishing the killing." State v. Young, 159 N.H. 332, 338 (2009); see also RSA 626:2, II(a) (2011) (defining "purposely"); RSA 629:1, I (defining "attempt").

The defendant argues that a reasonable juror could not convict him of attempted murder because the evidence at trial was insufficient to exclude the alternative reasonable hypotheses that the defendant continued to hit the victim after the victim said "I'm done, please run away, take the money" out of an "expression of anger, a desire to retaliate, or a purpose to injure short of killing." The defendant asserts that these alternatives are reasonable because the evidence demonstrates that he entered the store unarmed, had no motive to kill the clerk, did not beat the clerk into unconsciousness, and did not injure the clerk severely enough to create a substantial risk of death. We are not persuaded.

We conclude that the jury could rationally have found that the defendant's alternative hypotheses were not reasonable — i.e., did not create reasonable doubt — in light of all the evidence presented that the defendant had a purpose to kill the clerk. See Germain, 165 N.H. at 362. The evidence showed that, even after the clerk no longer had possession of the bat and said, "I'm done, please run away, take the money," rather than returning to the cash register and completing the robbery, the defendant continued to strike the clerk's head with the bat, inflicting serious physical injury. See State v. Patten, 148 N.H. 659, 662 (2002) (reasoning that the severity and the location of wounds to the victim's head supported the jury's finding that the defendant acted with premeditation and deliberation). The clerk testified that the defendant continued to strike him even after the clerk had said "I'm done, I give up." Based upon this evidence, a rational jury could have found beyond a reasonable doubt that, even if the defendant entered the store intending to commit robbery as opposed to murder, the defendant's intent evolved into a purpose to kill the clerk.

Both the defendant and the State contend that our decision in State v. Morehouse, 120 N.H. 738 (1980), supports their position. In Morehouse, a

3

jury convicted the defendant of attempted first degree murder[1] based upon evidence that the defendant followed the victim to her car, grabbed her, and hit her head repeatedly with "a large metal autobody hammer." Morehouse, 120 N.H. at 740-41. The victim's injuries were "massive": her eyes were swollen shut, she had multiple lacerations on her face, her nose and a tooth were broken, and she sustained "disfiguring scars that would require plastic surgery." Id. at 741. On appeal, the defendant argued that, because he "voluntarily ceased his assault," the "only logical inference" was that he did not intend to cause the victim's death and, thus, the evidence was insufficient to show that he had the requisite intent to sustain his conviction. Id. We rejected the defendant's argument, reasoning that the defendant may have stopped striking the victim after she passed out only because he believed that he had killed her. Id. at 741-42. We held "that there was sufficient evidence which could reasonably support a finding of guilt beyond a reasonable doubt of attempted first-degree murder" and observed that "even if the defendant voluntarily ceased [his assault] . . . before he believed he had caused her death, that does not preclude the jury from reasonably inferring that the defendant intended to kill her." Id.

Here, the defendant argues that this case is distinguishable from Morehouse because the clerk's injuries were not as severe as the injuries in Morehouse. We are not persuaded. Here, in the words of a police officer who found the clerk on the floor of the convenience store, the clerk was "choking on his own blood"; his lips, mouth, and nose "were almost completely swollen shut"; he had a laceration on his chin through which the officer "could more or less see his jaw bone"; and he had a contusion on his head the size of half of a tennis ball. Even if these injuries might be viewed as less severe than the victim's injuries in Morehouse, they were undeniably serious, and the jury could have concluded that the defendant's alternative hypotheses — that his blows were "an expression of anger, a desire to retaliate, or a purpose to injure [the clerk] short of killing" him — were not reasonable. See Germain, 165 N.H. at 361 ("The proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions based upon the evidence have been excluded.").

The defendant also contends that, because he voluntarily ceased his assault of the clerk, and at that time the clerk was still conscious, his conduct was inconsistent with a purpose to kill. However, even if the clerk was not unconscious, that does not preclude the jury from reasonably inferring that the defendant intended to kill him. See Morehouse, 120 N.H. at 741 (observing that the jury is not precluded "from reasonably inferring that the defendant

---

[1] We note that although we were not asked to address the issue in Morehouse, we subsequently held in State v. Allen, 128 N.H. 390 (1986), that the State was not required to allege and prove an attempt to commit murder of a specific variety. Rather, attempted murder is a single generic crime.

intended to kill" even if he did not believe that he had caused the victim's death at the time he ceased the assault).

Given the totality of the evidence, we conclude that the defendant has not met his "burden to demonstrate that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found guilt beyond a reasonable doubt." Germain, 165 N.H. at 362 (quotation omitted). The State concedes that the trial court's allocation of the defendant's presentence confinement credit is plainly erroneous. See State v. Edson, 153 N.H. 45, 49-50 (2005). Accordingly, we vacate the sentences imposed and remand for resentencing.

Conviction affirmed; sentence vacated; and remanded for resentencing.

DALIANIS, C.J., and HICKS, LYNN, and HANTZ MARCONI, JJ., concurred.

5