# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0203, <u>State of New Hampshire v. Richard Lucas</u>, the court on March 19, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Richard Lucas, appeals his conviction, following a six-day jury trial in Superior Court (<u>Houran</u>, J.), on a charge of burglary.  <u>See</u> RSA 635:1 (2016).  He contends that:  (1) an intent to commit a violation of privacy pursuant to RSA 644:9, III-a or IV (2016) does not satisfy the "purpose to commit a crime therein" element of burglary, <u>see</u> RSA 635:1; (2) the trial court erred by instructing the jury regarding RSA 644:9, IV; (3) the evidence was insufficient to show that he entered the victim's house "for the purpose of arousing or gratifying [his] sexual desire," RSA 644:9, III-a; and (4) the trial court may have erred by not disclosing certain records that it reviewed.

We first address whether a purpose to violate RSA 644:9, III-a or IV satisfies the intent element of burglary.  The crime of burglary consists of two elements:  (1) unauthorized entry; and (2) an intent, at the time of entry, to commit a crime therein.  <u>State v. Zubhuza</u>, 166 N.H. 125, 129-30 (2014); RSA 635:1.  The defendant contends that an intent to violate the victim's privacy, pursuant to RSA 644:9, III-a or IV, does "not constitute burglary because the intended crime must be independent of the illegal entry."  Because he did not raise this issue in the trial court, the defendant asks us to review it for plain error.

The plain error rule allows us to consider errors that were not raised in the trial court.  <u>State v. Pennock</u>, 168 N.H. 294, 310 (2015).  We apply the rule sparingly, limiting its use to circumstances in which a miscarriage of justice would otherwise result.  <u>Id</u>.  An error is "plain" if it was or should have been obvious in the sense that the governing law was clearly settled to the contrary.  <u>Id</u>.  When the law is not clear at the time of trial and remains unsettled at the time of appeal, a decision by the trial court cannot be plain error.  <u>Id</u>.

In this case, the alleged error was neither clear nor obvious because this case is one of first impression.  <u>See</u> <u>Aranosian Oil Co. v. State of N.H.</u>, 168 N.H. 322, 331 (2015) ("[T]he plain error rule is not met when the case presents a question of first impression.").  Furthermore, any error was not "plainly evident" from the statutory language.  <u>See</u> <u>Pennock</u>, 168 N.H. at 310.  The defendant argues that, under the burglary statute, the intended crime "cannot be '[an]other trespassory offense[] designed solely to protect the interests that are invaded by

the unprivileged entry that the burglar necessarily makes,'" (quoting Model Penal Code and Commentaries § 221.1 cmt. 3(c) at 76 (1980)). The State counters that "commentaries to other relevant sections of the Model Penal Code . . . make it clear that a violation of privacy is the type of crime that is intended to be covered by . . . the range of illegal purposes that will suffice for a burglary conviction" and that a "violation of privacy is not a lesser included offense of, or completely encompassed by, burglary."

Given these conflicting and, arguably, reasonable interpretations of the interplay between the statutes, we cannot say that, even if the trial court's statutory interpretation were error, its error was plain. In light of this conclusion, we need not address the defendant's argument that the trial court erred by instructing the jury that it could find him guilty of burglary if it found that he had entered the victim's house with the intent to violate RSA 644:9, IV.

We next address whether the evidence was sufficient to show that the defendant entered the victim's house "for the purpose of arousing or gratifying [his] sexual desire," RSA 644:9, III-a. When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the element of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences from it in the light most favorable to the State. State v. Sanborn, 168 N.H. 400, 412 (2015). The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt. Id. When reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation. Id. at 413. Further, the trier of fact may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom. Id. Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is de novo. State v. Cable, 168 N.H. 673, 677 (2016).

To prevail on a sufficiency of the evidence challenge when the evidence as to the contested element is solely circumstantial, the defendant must establish that the evidence does not exclude all reasonable conclusions except guilt. State v. Germain, 165 N.H. 350, 361 (2013), modified on other grounds in part by State v. King, 168 N.H. 340, 345 (2015). The proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions based upon the evidence have been excluded. Id. Because people rarely explain to others the inner workings of their minds or mental processes, a culpable mental state must, in most cases, be proven by circumstantial evidence, and the fact finder may draw reasonable inferences on the issue of intent from an accused's conduct. State v. Thomas, 168 N.H. 589, 603 (2016).

In this case, the victim testified that the defendant told her that he had "been breaking into [her] house three to four times a week for months" and watching her sleep, sometimes with other men. She testified that, on one

occasion, she awoke feeling the defendant touching her.  When she later texted him objecting to his "cold ass hands rubbing [her] nice warm body," he did not deny touching her, but instead responded, "if it was me, was you upset" and "[y]ou mean to tell me you've got another stalker touching you in the night?"  The defendant's co-worker testified that the defendant told him that he had climbed through a window, with a knife, and watched the victim and her new boyfriend sleeping.  When the defendant told his close friend that he had stood over the victim, while she was sleeping with another man in her bed, for 30 to 45 minutes, the friend asked if he had masturbated.  The final time that the defendant entered the victim's house without permission, he had sexual relations with her.

The defendant argues that there was no evidence that the victim, or the men sleeping with her, were naked, that their bodies were exposed, rather than covered by bedding, or that they were engaged in sexual activity.  He contends that "[t]he most reasonable conclusion is that [his] intrusion was . . . [an] attempt to 'process' the . . . fact that the [victim] was dating other men."  We disagree.  A fact finder reasonably could have concluded, based upon the evidence, that the only reasonable inference was that the defendant entered the victim's home "for the purpose of arousing or gratifying [his] sexual desire," RSA 644:9, III-a.  See Germain, 165 N.H. at 361.

Finally, we address whether the trial court erred by withholding portions of the victim's counseling records that were submitted for in camera review.  A trial court should release confidential information only if it is essential and reasonably necessary to the defense at trial.  See State v. Guay, 162 N.H. 375, 385 (2011).  We review a trial court's decision on this issue under an unsustainable exercise of discretion standard.  State v. Aldrich, 169 N.H. 345, 354 (2016).  To meet this standard, a defendant must demonstrate that the trial court's rulings were clearly untenable or unreasonable to the prejudice of his case.  Guay, 162 N.H. at 385.

In this case, after the trial court conducted its in camera review, it ordered disclosure of those portions of the victim's counseling records that it deemed essential and reasonably necessary to the defense.  Based upon our review of the records, we are satisfied that the portions withheld contain no information that would have been of assistance to the defense.  See Aldrich, 169 N.H. at 354.  Thus, we conclude that the trial court sustainably exercised its discretion in declining to disclose additional records.

Affirmed.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**